## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ECOLOGIC SOLUTIONS, LLC
(formerly known as Ec'Eau, LLC),
a Delaware limited liability company,

        Petitioner,

vs.                                       Case Number: 1:10-cv-01220-JCH-LFG

BIO-TEC ENVIRONMENTAL, LLC, a
New Mexico limited liability company,
JOHN LAKE, an individual,
LAURA BURKETT, an individual, and
JENNA RAMOS, an individual,

        Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Ecologic Solutions, LLC's ("Ecologic Solutions") *"Objections to Magistrate Judge's March 4, 2011 Report and Recommendation [Doc. 22],"* filed March 18, 2011.  The Court has made a "*de novo* determination" of those portions of the Magistrate Judges's Report and Recommendation to which Ecologic Solutions objects.  28 U.S.C. § 636(b)(1).  After reviewing the parties' briefing on the underlying "Notice of Submission of Order for Entry Based on Respondents' Failure to Respond" ("Notice") along with exhibits [Doc. 11, 13, 14], the briefing related to Ecologic Solutions' Objections, and the applicable law, and being otherwise fully informed, the Court finds that Ecologic Solutions' objections are not well taken and will be overruled.

1

## BACKGROUND

On December 20, 2010, Ecologic Solutions filed its initial Verified Petition to Compel Arbitration [Doc. 1], seeking to compel arbitration of numerous claims it has against Respondents in accordance with the Federal Arbitration Act ("FAA"). Specifically, Ecologic Solutions requests a declaratory judgment that the disputes at issue are subject to arbitration and a court order compelling arbitration. Ecologic Solutions asserts that the parties' relationship is governed by a December 22, 2009, Exclusive License and Distributor Agreement, that contains a mandatory arbitration provision. [Doc. 1, ¶ 1.] The parties' underlying dispute involves the business of supplying the plastic industry with chemical additives that promote biodegradability in certain disposal environments. [Doc. 1, ¶ 10.]

About a month before Ecologic Solutions filed its federal petition, Respondent Bio-Tec Environmental, LLC ("Bio-Tec" or "Respondents") filed a lawsuit in state court, seeking damages and injunctive relief, and setting forth numerous state law claims. The state court lawsuit asserts claims against individuals affiliated with Ecologic Solutions, one of whom was a former officer of Bio-Tec. The amended state court complaint added two other individuals affiliated with Ecologic Solutions.[1] In response to the state court lawsuit, Defendants filed a motion to compel arbitration. The status of that arbitration proceeding is unclear. However, it appears that the two parallel lawsuits (in federal and state court) may be the result of the parties' "race to court," with Bio-Tec having filed the earlier lawsuit.[2]

---

[1] The Magistrate Judge's Memorandum Opinion and Order [Doc. 21] sets out a more thorough recitation of the state court proceedings, pleadings, and parties.

[2] The Magistrate Judge's Memorandum Opinion and Order [Doc. 21] requests additional briefing on abstention issues related to the two ongoing lawsuits.

In Ecologic Solutions' federal petition to compel arbitration, it states that on December 6, 2010, it filed a proper demand for arbitration against Respondent Bio-Tec.  On December 8, 2010, Ecologic Solutions filed an amended arbitration demand.  That demand has been "perfected" by the American Arbitration Association and assigned a case number. [Doc. 1, ¶¶ 22, 23.] On December 17, 2010, Ecologic Solutions alleges that counsel for Bio-Tec responded to the arbitration demand by letter, objecting to the jurisdiction of the American Arbitration Association. [Doc. 1, ¶ 26.]

On December 23, 2010,[3] the summons related to the federal petition were returned executed as to each of the four Respondents. [Doc. 6-9.] The summons form used states that Respondent must answer the pleading within 21 days of service, not counting the date of receipt.  According to the summons, Respondents' answer would have been due no later than January 13, 2011.

The parties dispute the deadline for responding to the December 20, 2010 petition and, in addition, there are inconsistencies concerning the deadline within Ecologic Solutions' own briefing. For example, in Ecologic Solutions' Notice[4] [Doc. 11, ¶ 2], it states the response to the petition was due no later than January 13, 2011.  Ecologic Solutions' next sentence states that the deadline for

---

[3]At one point in the briefing, Ecologic Solutions asserts that it served the petition to compel on Respondents on December 20, 2010. [Doc. 11, ¶ 1.] However, later in that same pleading, Ecologic Solutions recognizes that it actually served Respondents on December 23, 2010. [Doc. 11, ¶ 2.]

[4]Similar to the Magistrate Judge, this Court does not understand Ecologic Solutions' failure to identify its Notice pleading as a *motion* for entry of an order compelling arbitration based on Ecologic solutions' position that Respondents' failed to timely respond to its petition.  This District's local rules contemplate the use of motions, including responses and replies.  D.N.M. LR-Civ. 7.1, 7.3, 7.4, 7.5.  In addition, the title of a document must "clearly identify its substance . . . ."  D.N.M. LR-Civ. 10.2.  The Court observes that Ecologic Solutions' Notice does not clearly identify its substance, which is evidenced by the docketing of the pleading as one requiring no action by the Court.  Moreover, when a motion is filed (even if called by another name), the movant must determine whether it is opposed and provide a recitation of its good-faith attempt to obtain concurrence.  Ecologic Solutions' Notice fails to recite whether it attempted to obtain concurrence from Bio-Tec.  Perhaps if it had done so, the parties could have resolved when the answer to the petition was due without requiring court intervention.  Notwith-standing Ecologic Solutions' technical violations of the rules with respect to its Notice pleading, the Magistrate Judge did not recommend denial on those grounds.

the response was January 10, 2011. [Doc. 11, ¶ 2.] Ecologic argues that because of Respondents'
failure to respond to the verified petition Respondents consented to granting the motion in
accordance with this District's local rules.  D.N.M. LR-Civ. 7.1(b).

In Bio-Tec's response to the Notice [Doc. 13], filed January 19, 2011, it contends that while
Respondents' answer to Ecologic Solutions' December 20, 2010 verified petition was originally due
January 13, 2011, Ecologic Solutions filed an amended verified petition before that due date, on
January 11, 2011 [Doc. 10].  Thus, Bio-Tec argues its response time was extended until January 25,
2011, 14 days after Ecologic Solutions filed its amended petition, and that its January 25 answer was
timely filed.  [Doc. 13, ¶¶ 4, 5.]

In the reply to the Notice, Ecologic Solutions agrees that the response was due January 13,
2011, and no longer argues it was due January 10, 2011. [Doc. 14, p. 1.] However, Ecologic
Solutions argues that its amended petition to compel arbitration should be treated as a motion rather
than an amended pleading under Fed. R. Civ. P. 15.[5] [Doc. 14, p. 2.] Ecologic Solutions, therefore,
appears to argue that the Federal Arbitration Act, 9 U.S.C. §§ 4, 6 required Bio-Tec's answer to be

---

[5]To ensure that a pleading is treated as a motion, the party might be wise to identify it as a motion
rather than a petition or application.  *See, e.g., Productos Mercantiles E Industriales, S.A. v. Faberge
USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994) (party appropriately sought relief in the form of a motion; thus,
the court was not required to comply with the pleading requirements); *Interior Finish Contractors Ass'n
of Delaware Valley v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985)
("application" to vacate arbitrator's award was not designated as a motion as it should have been; thus,
the defendant was justifiably confused about how to respond to various documents).

filed within five days of the amended petition.[6] [Doc. 14, pp. 2, 4-5.] According to Ecologic Solutions, the January 25, 2011 answer is untimely, and moreover, Ecologic Solutions is entitled to a default judgment under Fed. R. Civ. P. 55, even though Ecologic Solutions never moved for a Rule 55 default judgment.

On February 8, 2011, Ecologic Solutions filed a reply to its amended petition to compel arbitration. [Doc. 19.]

At this point, the undersigned District Court Judge entered an Order referring the First Amended Petition to Compel Arbitration to Magistrate Judge Lorenzo F. Garcia for resolution in accordance with 28 U.S.C. §636(b)(1)(B). [Doc. 20.]

On March 4, 2011, the Magistrate Judge entered a Report and Recommendation with respect to Ecologic Solutions' Notice. The Magistrate Judge briefly set out the dispute in deadlines for the answer to Ecologic Solutions' amended petition to compel arbitration and then noted that the Court neither agreed nor disagreed with Ecologic Solutions' position that Respondents had improperly delayed the proceedings or filed an untimely answer. Instead, the Magistrate Judge refused to grant the amended petition to compel arbitration based on Bio-Tec's alleged technical failure to miss the answer deadline by a week or two. [Doc. 22, p. 3.]

---

[6]There is some authority to support this argument, *albeit* not cited by Ecologic Solutions. In *Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.*, 774 F.2d 524, 526 (1st Cir. 1985), the court observed that the FAA, 9 U.S.C. § 4, requires that the party who refuses to arbitrate in accordance with a written agreement receive "five days notice in writing of such application" and that service be made "in the manner provided by the Federal Rules of Civil Procedure." Even though the FAA stated service should be made in the manner provided by the FRCP, the court concluded that such language did not refer to specific time provisions of the FRCP, but rather to the manner in which notice is sent, via registered mail, etc. Thus, even though the summons form referred to a 20-day response period in that case, the court held that to allow the longer time period under the FRCP would run contrary to the specific time provisions of the FAA. Id. However, authority on this question is sparse and the statutory provision in question is far from clear. In addition, the First Circuit decision is not binding. Finally, because Ecologic Solutions' petition not only seeks to compel arbitration but also requests a declaratory judgment, the longer time frame to respond still may be applicable. *See id.*

Ecologic Solutions' objections argue, in part, that the Magistrate Judge's Report and Recommendation is "wrong as a matter of law" and that the amended petition should be granted based both on Respondents' consent (for failure to timely respond under local rules) and on the merits of the petition. [Doc. 23, p. 4.] Ecologic Solutions also contends that its petition should be granted on the merits because of Respondents' alleged waiver of any challenge to the arbitrator's jurisdiction in the arbitration and that Respondents were in default under Rule 55.

Interestingly, Ecologic Solutions' objections now argue for the first time that Respondents' answer to the petition was due January 6, 2011 [Doc. 23, p. 2], rather than the earlier asserted deadlines of January 10 and January 13, 2011. Ecologic Solutions further states in the objections that because of Respondents' default (in responding timely to the petition by January 6, 2011), Ecologic Solutions filed a "slightly" amended petition on January 11, 2011. [Doc. 23, p. 3.] Yet, in its Notice, Ecologic Solutions provided a different reason for filing the amended petition – "that added allegations regarding Bio-Tec's filing of an Amended Complaint in New Mexico State Court."[7] [Doc. 11, n. 1.]

## DISCUSSION

After conducting a *de novo* review of those portions of the Report and Recommendation to which Ecologic Solutions objects, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1)(C).

### I.    Consent to Grant Based on Local Rules

Ecologic Solutions first argues that Respondents' failure to timely respond to the petition or amended petition provides consent to grant the petition, relying on D.N.M. LR-Civ. 7.1(b). In other

---

[7]Ecologic Solutions' shifting arguments and varying calculations are unpersuasive with respect to its timeliness argument.

words, Ecologic Solutions asserts that its petition to compel arbitration should be granted due to Respondents' alleged technical failure to timely file an answer.  Ecologic Solutions contends that the Magistrate Judge "misconstrued its own rules" and that the Magistrate Judge's recommendation that the petition to compel arbitration not be granted on technical failures alone was "wrong as a matter of law." [Doc. 23, pp. 3-4.]

The Court disagrees.  It is not unusual for the Court to decline to grant a motion or complaint based on technical deficiencies alone.  *See e.g, Liles v. Washington Tru Solutions, LLC*, 2007 WL 2298439, at *4 (D.N.M. Jun. 12, 2007) (while court could deem the Plaintiffs' failure to timely respond to motion to compel as consent to grant the motion, the court prefers to consider substantive grounds and address compel motion on the merits) (unpublished); *Martinez v. Alire*, 172 F.3d 63 (Table), 1999 WL 46684, at *2 (10th Cir. Feb. 3, 1999) (Tenth Circuit reversed dismissal for failure to respond to motion to dismiss in part because lack of response did not harm defendant or the judicial process and did not cause material delay) (unpublished).

It is true that "local rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner.'" *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (internal quotation omitted), *cert. denied*, 450 U.S. 918 (1981).  However, while district judges must follow local rules when adherence furthers the policies underlying the rules, they also have discretion in applying and interpreting local rules." *Hernandez v. George*, 793 F.2d 264, 267 (10th Cir. 1986).

Under the circumstances of this case, it is not clear when exactly the response to the petition was due or whether Respondents missed the deadline.  This is supported by Ecologic Solutions' own differing calculations as to that deadline.  Moreover, this is not a situation where Respondents never filed a response to the amended petition.  According to Respondents' calculation, they filed a timely

answer on January 25, 2011.  Even if considered untimely under one of Ecologic Solutions' varying calculations, the slight delay does not constitute material or undue delay in this matter.

Finally, consistent with the tenet that courts prefer to decide cases on their merits rather than technicalities, *see, e.g.*, *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982), there are no grounds to conclude that the Magistrate Judge's recommendation "was wrong as a matter of law."  The Court concludes that the interests of justice are best served by allowing this action to proceed with supplemental briefing as directed by the Magistrate Judge.

For these reasons, the Court adopts the Magistrate Judge's recommendation that Ecologic Solutions' petition not be granted on technical grounds alone and overrules the objections based on alleged untimeliness.

## II.  Waiver of Challenge to Arbitrator's Jurisdiction in the Arbitration

In the objections, Ecologic Solutions argues that the amended petition to compel arbitration should be granted "based on Respondents' Waiver of any Challenge to the Arbitrator's Jurisdiction in the Arbitration." [Doc. 23, p. 5.] Ecologic Solutions asserts that pursuant to the American Arbitration Associations' ("AAA") Commercial Arbitration rule 4(b), Respondents were required to object to the Arbitrator's jurisdiction within 15 days of the date that the AAA confirmed the filing of the arbitration – and that 15 day period expired on December 27, 2010. [Doc. 23, p. 5.]

Ecologic Solutions did not raise this argument in the underlying Notice pleadings, and there was no briefing on this issue. [Doc. 11, 14.] Moreover, the Magistrate Judge's Report and Recommendation did not address this argument, either by accepting or rejecting it.  Thus, Ecologic Solutions waived raising it.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (arguments raised for first time in objections to magistrate judge's report and recommendation are waived).

Therefore, the Court overrules this objection.

### III.   Violation of Rule 55 and Default Judgment

Ecologic Solutions also contends that Respondents "failed timely to appear, and thus were in default, under Rule 55." [Doc. 23, p. 5.] Ecologic further alleges that despite being fully aware of the proceedings and the service of the petition, Respondents "knowingly failed to abide by this Court's orders and rules, and did not enter any appearance in the time required."  Thus, according to Ecologic Solutions, Respondents are in "willful disregard for the court" and Ecologic Solutions is entitled to default judgment. [Doc. 23, p. 6.]

This issue was not raised in Ecologic Solutions' opening Notice [Doc. 11], and therefore, was never briefed by the parties.  However, Ecologic Solutions did briefly argue the issue of default in its reply [Doc. 14, pp. 2-3.] The Magistrate Judge's Report and Recommendation made no reference to a possible default.  Thus, this objection does not pertain to any portion of the Report and Recommendation.  In addition, Ecologic Solutions could have promptly moved for default or sought the Clerk's entry of default under Rule 55 if it believed that the pleading rules applied (although it does not) [Doc. 14, p. 2], but it did not do so.

The Court overrules this objection.

### CONCLUSION

For all of these reasons, the Court overrules Ecologic Solutions' objections and agrees with the Magistrate Judge's Report and Recommendation that Ecologic Solutions' Notice of Submission of Order [Doc. 11] be denied.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge are adopted by the Court and that Ecologic Solutions' Notice [Doc. 11] is denied.

**IT IS FURTHER ORDERED** the parties proceed with additional briefing as required by the Magistrate Judge's Memorandum Opinion and Order [Doc. 21], after which the Magistrate Judge will issue another Report and Recommendation.

**UNITED STATES DISTRICT JUDGE**